**Christopher John MARTIN,
Plaintiff–Appellant,**

**v.**

**Mark W. SIAS, Defendant–Appellee.**

**No. 95–36118.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 25, 1996.*

Decided July 3, 1996.

Christopher John Martin, Sheridan, Oregon, for plaintiff-appellant, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

No appearance for the defendant-appellee.

Before: NOONAN, LEAVY and TASHIMA, Circuit Judges.

## ORDER

Federal prisoner Christopher John Martin appeals pro se the district court's dismissal, pursuant to 28 U.S.C. § 1915(d), of his *Bivens* [1] action for damages alleging that United States Probation Officer Mark W. Sias acted outside his authority in supervising Martin's parole. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review a district court's dismissal pursuant to section 1915(d) for abuse of discretion. *Denton v. Hernandez,* 504 U.S. 25, 33, 112 S.Ct. 1728, 1733–34, 118 L.Ed.2d 340 (1992); *Trimble v. City of Santa Rosa,* 49 F.3d 583, 584 (9th Cir.1995).

If a complaint filed by a prisoner proceeding in forma pauperis is frivolous, a federal district court may dismiss the action pursuant to section 1915(d). A complaint "is frivolous where it lacks an arguable basis in either law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989); *Cato v. United States,* 70 F.3d 1103, 1106 (9th Cir.1995).

In *Heck v. Humphrey,* —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held "that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been" previously invalidated. *Id.* at ——, 114 S.Ct. at 2372 (footnote omitted). Although *Heck* involved a claim under 42 U.S.C. § 1983, and Martin brought a *Bivens* action, this court has stated that "[a]ctions under § 1983 and those under *Bivens* are identical save for the replacement

of a state actor under § 1983 by a federal actor under *Bivens.*" *Van Strum v. Lawn,* 940 F.2d 406, 409 (9th Cir.1991).

We join the other federal circuits that have addressed this issue, and hold that the rationale of *Heck* applies to *Bivens* actions. *Cf. Williams v. Hill,* 74 F.3d 1339, 1340 (D.C.Cir.1996) (per curiam); *Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir.1995) (per curiam); *Tavarez v. Reno,* 54 F.3d 109, 110 (2d Cir.1995) (per curiam); *Stephenson v. Reno,* 28 F.3d 26, 27 (5th Cir.1994) (per curiam). Accordingly, because a judgment in favor of Martin would necessarily imply the invalidity of his sentence, and because Martin did not show that his sentence has been invalidated, the district court properly dismissed this action.

**AFFIRMED.**

---

1. *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).