113 F.3d 1241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James La Vell HARRIS, Plaintiff-Appellant,
v.
Theo WHITE, Warden, Defendant,
Ira Dominicci; Schievelbein, Lt., Correctional Officer; D.
Clayton, Correctional Officer; J. Mobery, CC II;
G Bonnie Garibay, Defendants-Appellees.
 No. 96-15108.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 15, 1997.*
Decided May 14, 1997.
 
 1
 Before: WIGGINS and TROTT, Circuit Judges, and ZAPATA,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Former California state prisoner James L. Harris appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 civil rights action alleging violations of his rights to due process, equal protection and freedom from cruel and unusual punishment. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 4
 We review a district court's dismissal pursuant to 28 U.S.C. § 1915(d)[1] for an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33, 112 S.Ct. 1728, 1733-34 (1992); Martin v. Sias, 88 F.3d 774, 775 (9th Cir.1996); Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir.1995). If a complaint filed by a prisoner proceeding in forma pauperis is frivolous, a district court may, in its discretion, dismiss the action pursuant to § 1915(d). Denton, 504 U.S. at 33, 112 S.Ct. at 1733-34; Martin, 88 F.3d at 775; Cato v. United States, 70 F.3d 1103, 1106 (9th Cir.1995). A complaint "is frivolous where it lacks an arguable basis in either law or in fact." Martin, 88 F.3d at 775 (quoting Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989)); Cato, 70 F.3d at 1106.
 
 
 5
 The thrust of Harris' complaint is that prison officials knew, or should have known, that it was a violation of California Department of Corrections regulations, as well as state and federal law, to issue a CDC 115 form instead of a CDC 128-B form to report his misconduct, which Harris alleged resulted in the deprivation of his constitutional rights.
 
 
 6
 We hold that the district court did not abuse its discretion in dismissing Harris' claims. Harris was afforded all process due in the disciplinary action taken against him and the reclassification of his work assignment. Harris failed to establish that prison officials violated his Eighth and Fourteenth Amendment rights.
 
 
 7
 Liberally construed, Harris' complaint alleged two separate due process violations. First, Harris alleged that prison officials violated his due process rights when they disciplined him for poor work performance by construing the charges against him as a "serious violation" and by assessing a loss of thirty days of good-time credits. Second, Harris alleged that prison officials violated his due process rights when they reclassified him without proper notice to a job where he was only able to earn good-time credits on a one-day for every two-days worked ratio, instead of a one-to-one ratio.
 
 
 8
 The district court found that the state regulation that provides for use of a CDC 128-B form[2] does not give rise to a liberty interest protected by the Due Process Clause, and determined that Harris received all the process he was due with regard to the rules violation as reported on the CDC 115 form issued to him. Harris does not dispute that he received written notice of the charged violation by receipt of the CDC 115 form at least 24 hours before the disciplinary hearing, received a written statement of the evidence relied upon by the senior hearing officer and the reasons for the disciplinary action taken, and was offered the opportunity to call witness and present evidence in his defense. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963 (1974). The charge brought against Harris falls appropriately within the prison regulation's definition of a "serious violation" and the loss of thirty days of good-time credits is punishment appropriate under the regulations.[3] Harris received all of the process he was due concerning the disciplinary action taken.
 
 
 9
 The second part of Harris' due process claim alleged that prison officials violated his procedural due process rights by failing to issue a CDC 128-B form when they reclassified him to a work assignment in which he earned good-time credits at half the rate of his prior work assignment.
 
 
 10
 Prison officials issued CDC 128-B1 forms to Harris following the reported violation. These forms provided Harris with written notice that he had been referred to the unit classification committee for removal from his current job assignment and for evaluation of his housing and program assignments. Harris does not challenge the classification committee's statement that due process requirements were met when he appeared before the B Facility unit classification committee.
 
 
 11
 "[P]risoners have liberty interests protected by the Due Process Clause only where the contemplated restraint 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' " Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir.1996) (quoting Sandin v. Conner, --- U.S. ----, ----, 115 S.Ct. 2293, 2300 (1995)).
 
 
 12
 We need not reach the issue of whether Harris had a protected liberty interest in his work assignment and the ability to earn good-time credits. Assuming Harris had a protected liberty interest in his work assignment, the record reflects that he received all process due. Even if prison officials used a different form than required by prison regulations, there is no arguable basis in law or fact to support a due process violation claim where the requirements set forth in Wolff were met. See Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir.1994).
 
 
 13
 The allegations of Harris' claim that prison officials violated his Eighth Amendment rights are contingent upon the allegations of his due process claim. Harris offered no evidence to show that he was subjected to unnecessary and wanton infliction of pain. There is no arguable basis in law or fact to support Harris' procedural due process claim, and no legal or factual basis to demonstrate deprivation and deliberate indifference in the loss of good-time credits, loss of pay and work reassignment. Accordingly, the district court did not abuse its discretion in dismissing Harris' Eighth Amendment claim. See Keenan, 83 F.3d at 1089.
 
 
 14
 We also find that the district court did not abuse its discretion in dismissing Harris' equal protection claim. Liberally construed, Harris' original complaint alleged that prison officials failed to apply prison regulations in a manner consistent with the protections conferred by the Equal Protection Clause. The magistrate judge, finding that Harris may have been able to allege membership in a suspect class from which an equal protection claim may arise, dismissed Harris' equal protection claim with notice of the deficiencies and granted leave to amend.
 
 
 15
 Harris alleged the same facts in his amended complaint, failing to cure the deficiencies and allege specific facts to establish "invidious discrimination" or disparate treatment as alleged. Conclusory allegations by themselves do not establish an equal protection violation without proof of invidious discriminatory intent. See McQueary v. Blodgett, 924 F.2d 829, 834-35 (9th Cir.1991). Having been provided notice of the deficiencies and the opportunity to amend his equal protection claim, Harris failed to allege specific facts to establish the manner in which he believed prison officials had discriminated against him in their application of prison regulations. See Cato, 70 F.3d at 1106.
 
 
 16
 Finally, we hold that Harris' contention that the district court and magistrate judge engaged in conduct which violated his rights to due process, based solely on adverse rulings, is insufficient to state a claim as a matter of law. See Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 1157 (1994). We conclude that the district court properly dismissed this action pursuant to § 1915(d).
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Frank R. Zapata, United States District Judge for the District of Arizona, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 28 U.S.C. § 1915(d) was redesignated section 1915(e) by the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996). The portion allowing for dismissal of frivolous in forma pauperis complaints is now codified at 28 U.S.C. § 1915(e)(2)(B)(i)
 
 
 [2]
 "Any staff request for removal of an inmate from a program shall be submitted to the inmate's correctional counselor on a CDC Form 128-B. The counselor shall refer the request to a classification committee for consideration and action." Cal.Code Regs. tit. 15, § 3040(d)
 
 
 [3]
 "Refusal or failure to perform work or participate in programs as ordered or assigned" is an expressed serious rule violation. Cal.Code Regs. tit. 15, § 3315(a)(10)
 "Any serious disciplinary offense, ... listed in section 3315 of these regulations" is punishable by a "credit loss of 0-30 days." Cal.Code Regs. tit. 15, § 3322(i)(3).