114 F.3d 1193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph M. AYUYU, Plaintiff-Appellant,
v.
Claudio R. SUYAT, Chairman and Members of the Hawaii
Paroling Authority, Defendants-Appellees.
 No. 96-15248.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 19, 1997.*
Decided May 28, 1997.
 
 Before: FLETCHER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph M. Ayuyu, a Hawaii state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging violations of the Due Process and Ex Post Facto Clauses based on defendants' requirement that he participate in a sexual-offender treatment program as a condition of parole eligibility. We have jurisdiction under 28 U.S.C. § 1291, and we dismiss.
 
 
 3
 Under the Prison Litigation Reform Act, Pub.L.No. 104-134, 110 Stat. 1321 (1996), we must dismiss the appeal if we determine that the appeal is frivolous. See 28 U.S.C. § 1915 (e)(2)(B)(i); Marks v. Solcum, 98 F.3d 494, 495 (9th Cir.1996) (per curiam). An appeal "is frivolous where it lacks an arguable basis either in law or in fact." See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Martin v. Sias, 88 F.3d 774, 775 (9th Cir.1996) (order).
 
 
 4
 In a previous action, Ayuyu challenged the revocation of his parole as a violation of the Due Process Clause. Ayuyu's parole was revoked due to his lack of participation in a required sexual-offender treatment program. In the present action, Ayuyu sought declaratory and injunctive relief that defendants violated the Due Process and Ex Post Facto Clauses by requiring participation in a sexual-offender treatment program as a condition for parole eligibility. The claims raised in the present action were or could have been raised in the former action. Accordingly, we conclude that the present action is barred by the doctrine of res judicata and therefore lacks an arguable basis in law. See Buster v. Greisen, 104 F.3d 1186, 1190 (9th Cir.1997); Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir.1992).
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3