122 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eddie Lee GALLOWAY, Plaintiff-Appellant,
v.
Michael C. SPEROS, Assistant U.S. Attorney; Clyde J.
Arnold, U.S. Postal Inspector; Robert H. Morck, L.A. County
Sheriff; James A. Bascue, Chief Deputy District Attorney;
John Asari, Deputy District Attorney, in their individual
and official capacities, Defendants-Appellees.
 No. 96-56298.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 15, 1997.**
Decided Sept. 3, 1997.
 
 Appeal from the United States District Court for the Central District of California Dickran M. Tevrizian, District Judge, Presiding
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Eddie Lee Galloway, a California state prisoner, appeals pro se the district court's dismissal of his action alleging that defendants conspired, in violation of his constitutional rights, to convict him of murder and conspiracy to commit murder. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we may affirm on any grounds supported by the record, see United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992).
 
 
 3
 Because Galloway did not allege that his conviction for murder had been invalidated on direct appeal or through a habeas corpus proceeding, the district court did not err in dismissing his 42 U.S.C. § 1983 action alleging a conspiracy to maliciously prosecute him in violation of the Fifth, Seventh and Fourteenth Amendments for failure to state a claim. See Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994).[1] Although we affirm the dismissal of these claims pursuant to Heck, we clarify that the district court's dismissal of these claims was without prejudice. See Trimble v. City of San Diego, 49 F.3d 583, 585 (9th Cir.1995) (per curiam).
 
 
 4
 Galloway contends that the district court erred by dismissing his § 1983 claims relating to his conspiracy conviction and his claims brought pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO"), on statute-oflimitations grounds. This contention lacks merit.
 
 
 5
 The statute of limitations for § 1983 claims brought in California is one year. See Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir.1993). The statute of limitations for RICO claims is four years. See Agency Holding Corp. v. MalleyDuff & Assocs., Inc., 483 U.S. 143, 156 (1987).
 
 
 6
 According to Galloway's fourth amended complaint, the last date on which some part of the alleged conspiracy to convict him of murder and conspiracy to commit murder occurred was September 11, 1990, when the Second District of the California Court of Appeals overturned his conviction for conspiracy to commit murder and upheld his conviction for murder. Thus, Galloway's action, originally filed on March 21, 1995, falls outside the statute of limita:ions.
 
 
 7
 Galloway has presented three meritless arguments as to why the statute of limitations should be tolled. First, Galloway argues that there is an on-going conspiracy, but he fails to allege any facts to support this cla:.m. Second, Galloway argues that his action is tolled by the fact of his incarceration. Because he has been sentenced to prison for life and a day without the possibility of parole, the tolling statute does not apply to him. See Cal. Civ. Proc. § 352.1. Third, Galloway alleges that he did not discover the "seriousness" of the constitutional violations until January 1995. Because the events which constitute the alleged constitutional violations were apparent to Galloway and because the documents which revealed the "seriousness" of these events were in the possession of his attorney, Galloway's allegations are insufficient to toll the statute of limitations. See Barley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir.1991); NLRB v. Sequioa Dist. Council of Carpenters, 568 F.2d 628, 633 (9th Cir.1977). Accordingly, the district court did not err by dismissing Galloway's § 1983 claims concerning his conspiracy conviction and his RICO claims on statute-of-limitations grounds.
 
 
 8
 Eecause Galloway is not a member of a protected class for purposes of 42 U.S.C. § 1985(3), the district court did not err by dismissing his § 1985(3) claim. See Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir.1992). Because an action under 42 U.S.C. § 1986 is valid only where there is a valid § 1985(3) claim, the district court did not err by dismissing Galloway's § 1986 claim. See Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 626 (9th Cir.1988).
 
 
 9
 Because Galloway did not prevail on the merits of his claims, the district court did not err by dismissing his 42 U.S.C. § 1988 claim. See Parks Sch. of Bus., Inc. v. Syminaton, 51 F.3d 1480, 1489 (9th Cir.1995).
 
 
 10
 Because the district court dismissed all of Galloway's federal claims, the district court did not err by dismissing Galloway's state claims. See Reynolds v. County of San Diego, 84 F.3d 1162, 1171 (9th Cir.1996). Although we affirm the district court's dismissal of these claims, we clarify that the district court's dismissal of these claims was without prejudice. See id.
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Galloway's motion to supplement his reply brief is granted
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Insofar as Galloway's claims against defendant Speros and Arnold should have been pursued as a Bivens action, instead of under § 1983, these claims would be barred by Heck. See Martin v. Sias, 88 F.3d 774, 775 (9th Cir.1996)
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal