134 F.3d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Patrick Hugh MORRISON, Plaintiff-Appellant,
v.
David COOK; Al Chandler; Brad Halvorson; Oregon
Department of Corrections; S.F. Thompson; Tamara Blair;
Linder Anderson; Connie Beeler; Michael Keepers; Trent V.
Axen; Oregon State Prison; Jefry Valkenburgh; Jan Peter
Londahl, Defendants-Appellees.
Patrick Hugh MORRISON, Plaintiff-Appellant.
v.
Mike KEEPERS, Mailroom Personnel, Defendant-Appellee.
 Nos. 96-35877, 96-36297.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Decided Jan. 15, 1998.
 
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Oregon state prisoner Patrick Hugh Morrison filed a complaint (No. 96-36297) under 42 U.S.C. § 1983 against prison official Michael Keepers and nineteen other defendants. He now challenges the district court's orders that (1) granted summary judgment with regard to defendant Keepers and (2) dismissed Morrison's complaint with regard to the remaining defendants. He also challenges, in a consolidated appeal, the district court's order dismissing a second complaint as frivolous. We affirm.
 
 II.
 
 3
 The facts are known to the parties, We will repeat them here only as necessary,
 
 III.
 
 4
 This court reviews de novo a grant of summary judgment. Covey v. Hollydale Mobilehome Estates, 116 F.3d 830, 834 (9th Cir.1997). Morrison complained that defendant Keepers violated his civil rights by improperly interfering with three letters that Morrison had marked as "legal mail." However, even accepting Morrison's description of the letters as true, the correspondence was not legal in nature. Thus, the letters were subject to the same inspection procedures that prison officials routinely apply to regular inmate mail. See O'Keefe v. Van Boening, 82 F.3d 322, 325-27 (9th Cir.1996). Moreover, Morrison failed to explain how Keepers' actions either denied Morrison access to the courts, or harmed him in any other way. To state a § 1983 claim, Morrison was required to allege facts showing the deprivation of a right, privilege or immunity secured by the U.S. Constitution or federal law. See L.W. v. Grubbs, 974 F.2d 119, 120 (9th Cir.1992). Because Morrison failed to do so, we conclude that the district court did not err when it granted Keepers' motion for summary judgment.
 
 IV.
 
 5
 This court reviews for an abuse of discretion the district court's dismissal pursuant to 28 U.S.C. § 1915(d). Martin v. Sias, 88 F.3d 774, 775 (9th Cir.1996). Morrison named nineteen other defendants in addition to Keepers, all of whom were allegedly involved in a conspiracy to deprive him of his constitutional rights Morrison's factual allegations, however, did not comprise constitutional violations. He also failed to explain how each defendant was involved in the alleged conspiracy. Thus, the district court properly dismissed his complaint as frivolous and conclusory. See Neitzke v. Williams, 490 U.S. 319, 322-25 (1989).
 
 
 6
 With regard to Morrison's second complaint (No. 96-35877), we conclude that the district court did not abuse its discretion by dismissing the complaint as frivolous pursuant to 28 U.S.C. § 1915(d). Dismissal was appropriate because the second complaint largely duplicated the first, see Cato v. United States, 70 F.3d 1103, 1105 n. 2 (9th Cir.1995), and Morrison's additional allegations were either conclusory or nonspecific.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3