145 F.3d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Karl August MOST, III, Plaintiff-Appellant,
v.
Alan BERSIN; J. Conklin; Drug Enforcement Administration;
Marshals Service, Parole Commission, Parole Officer, All
Known and Unknown Federal Agents; Janet Reno, Attorney
General, Defendants-Appellees.
 No. 97-55811.
D.C. No. CV-96-00169-IEG.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 27, 1998.
 
 Appeal from the United States District Court for the Southern District of California, Irma E. Gonzalez, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Karl August Most III appeals pro se the district court's sua sponte dismissal of his Bivens action for failure to state a claim, pursuant to 28 U.S.C. § 1915(e). We review the district court's dismissal for failure to state a claim de novo, see Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Most contends the district court erred by dismissing his action without first "ruling" on his claims that the government violated his civil rights by conspiring to entrap him into engaging in a drug transaction while he was on parole. Because a judgment in favor of Martin would necessarily imply the invalidity of his methamphetamine conviction and Martin alleged no facts indicating it had been invalidated, the district court properly dismissed his Bivens action for failure to state a claim. See Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); see also Martin v. Sias, 88 F.3d 774, 775 (9th Cir.1996) (applying Heck to claims of federal prisoners).
 
 
 4
 Most also contends that the district court erred in concluding he abandoned his claims under the Federal Tort Claims Act ("FTCA"). This contention lacks merit. Contrary to his assertions, the district court was not obligated to review all "related material" filed by Most in determining his claims. Because Most's second amended complaint makes no mention of the FTCA, the district court properly deemed these claims abandoned. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987) (all causes of action not alleged in amended complaint are deemed waived).[1]
 
 
 5
 In the statement of facts section of his opening brief, Most mentions that his complaint included allegations of retaliatory acts against him by the prison staff. To the extent that Most did mention the prison staff in his second amended complaint, he failed to specifically allege any violations. See Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir.1982).
 
 
 6
 We also reject Most's contention that the district court erred by dismissing his civil rights complaint in the consolidated case of Most v. Kahn (Civil No. 9600710-IEG(POR)). The district court dismissed that complaint ten months after it had been filed because it had not been served on the two named defendants. We conclude the district court did not abuse its discretion in dismissing the complaint for failure to effect service, see Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir.1994), and further that because the complaint contained the same factual allegations regarding a government conspiracy to entrap him, his claims would have been barred under Heck in any event. See Martin, 88 F.3d at 775.
 
 
 7
 Finally, the district court did not abuse its discretion in denying Most's motions for discovery and appointment of counsel. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Most's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Most did not abandon his claim that he was subjected to illegal interrogations in his second amended complaint, the claim would be barred by Heck in any event. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995) (per curiam) (Fifth amendment claims barred by Heck )