**Andrew MONAGHAN, Plaintiff–Appellant,**

**and**

**Jessica Monaghan; et al., Plaintiffs,**

**v.**

**A. TREBEX; et al., Defendants–Appellees.**

**No. 01–16560.**

**D.C. No. CV–01–00938–WHA.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2002 *.

Decided May 28, 2002.

Before FERNANDEZ, RYMER and WARDLAW, Circuit Judges.

### MEMORANDUM **

Andrew Monaghan appeals pro se the dismissal of his "invidious discrimination" action against various television personalities and entertainment executives and the district court's order designating him as a vexatious litigant. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissals pursuant to 28 U.S.C. § 1915(e)(2). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998). We review the entry of a vexatious litigant order for abuse of discretion. *De Long v. Hennes-*

*sey*, 912 F.2d 1144, 1146 (9th Cir.1990). We affirm.

Monaghan's claim that he is the object of a nationwide conspiracy, wherein various television personalities terrorize him over the airwaves with verbal threats and menacing gestures, lacks an arguable basis in either law or fact, and is therefore frivolous. *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir.1996). The district court properly dismissed without leave to amend, because amendment would be futile. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.1995).

To maintain general access to the courts while safeguarding against abusively excessive litigation, a court must satisfy four prerequisites before entering a vexatious litigant order: "(1) a plaintiff must be given adequate notice to oppose a restrictive pre-filing order before it is entered; (2) a trial court must present an adequate record for review by listing the case filings that support its order; (3) the trial court must further make substantive findings as to the frivolousness or harassing nature of the plaintiff's filings; and (4) the order must be narrowly tailored to remedy only the plaintiff's particular abuses." *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir.1990).

Monaghan was deemed a vexatious litigant after receiving notice and appearing at a show-cause hearing. The district court found Monaghan's claims to be duplicative of equally fanciful allegations filed with the court in seven other cases involving many of the same defendants. The district court's requirement that any future complaints by Monaghan must undergo pre-filing review is appropriately narrow. On this basis, the district court acted

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Monaghan's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

within its discretion in entering the vexatious litigant order. *See DeLong v. Hennessey,* 912 F.2d 1144, 1147–49 (9th Cir. 1990).

AFFIRMED.