Norman Anthony **KING,** Plaintiff—
Appellant,

v.

**UNITED STATES of America;  et
al., Defendants—Appellees.**

No. 04–15596.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 21, 2005.

Norman A. King, California City, CA, pro se.

Andrew Y.S. Cheng, Esq., Office of the U.S. Attorney, San Francisco, CA, for Defendants–Appellees.

Before: SCHROEDER, Chief Judge, GOODWIN and TASHIMA, Circuit Judges.

## MEMORANDUM **

Norman Anthony King appeals pro se the district court's summary judgment in favor of the United States and various federal agencies and federal officials, in King's action asserting tort, contract, and *Bivens* claims relating to his imprisonment in Mexico, extradition to the United States, and prosecution and convictions for bank fraud, wire fraud, mail fraud, counterfeiting, and money laundering. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Feiler v. United States*, 62 F.3d 315, 316 (9th Cir. 1995), and we affirm.

The district court properly granted summary judgment on King's claims under the Torture Victim Protection Act, 28 U.S.C. § 1350, because none of the Mexican citizens who purportedly tortured King were named in the suit.

The district court properly dismissed King's claims under the Alien Tort Claim Act because King's exclusive remedy for violation of the law of nations is through the Federal Tort Claims Act ("FTCA"). *See Alvarez–Machain v. United States*, 331 F.3d 604, 631–32 (9th Cir.2003), *rev'd on other grounds, Sosa v. Alvarez–Machain*, 542 U.S. 692, 124 S.Ct. 2739, 159 L.Ed.2d 718 (2004).

The district court properly granted summary judgement on King's FTCA and *Bivens* claims stemming from an alleged attempted abduction and seizure of property in 1995 because they were time-barred, *see* Cal. Civil Proc.Code § 340(3), and any claims relating to King's arrest and detention were barred under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

The district court properly granted summary judgment on King's *Bivens* claims stemming from his 1997 arrest and detention because they were barred under *Heck. See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir.1996) (holding that *Heck's* requirements apply equally to *Bivens* actions).

The district court properly concluded that King's tort claims arising from his arrest and detention were barred by the FTCA's "foreign activities" exception. *See* 28 U.S.C. § 2680(k); *Sosa v. Alvarez–Machain*, 542 U.S. at 712, 124 S.Ct. 2739.

King's remaining contentions lack merit.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.