**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANK STEFFENSEN, | No. 10-35192 |
| Plaintiff - Appellant, | D.C. No. 4:09-cv-00004-RJB |
| v. | |
| CASEY MAYHEW, Probation Officer; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Robert J. Bryan, District Judge, Presiding

Submitted September 27, 2011[**]

Before: HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

Frank Steffensen appeals pro se from the district court's dismissal order and

summary judgment in his 42 U.S.C. § 1983 action alleging violations of his

constitutional rights. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo both a grant of summary judgment, *Luchtel v. Hagemann*, 623 F.3d 975, 978 (9th Cir. 2010), and a dismissal under 28 U.S.C. § 1915A for failure to state a claim, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment to Mayhew on the basis of qualified immunity because Mayhew's authorization of a probationary search of a vehicle was not a clear violation of Steffensen's Fourth Amendment rights. *See Pearson v. Callahan*, 555 U.S. 223, 243-44 (2009) (qualified immunity shields "an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law," and "where clearly established law does not show that the search violated the Fourth Amendment").

The district court properly dismissed Steffensen's claims against the federal defendants regarding an allegedly unreliable witness because success on his claims would imply the invalidity of his conviction, and Steffensen has not shown that his conviction has been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (order) (applying *Heck* to actions brought against federal actors).

To the extent that Steffensen's claims regarding the federal defendants'

alleged record-keeping errors are not *Heck*-barred, dismissal was proper because Steffensen alleged no constitutionally protected interest. *See Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1029 (9th Cir. 2010) (for a due process claim, the plaintiff must establish that he was deprived of an interest protected by the Due Process Clause).

We do not consider arguments, including those regarding the Privacy Act, made for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Issues not raised in the opening brief, including those regarding Steffensen's conspiracy claims pursuant to 42 U.S.C. § 1985 and 18 U.S.C. § 241, are deemed waived. *See id.*

Steffensen's remaining contentions are unpersuasive.

**AFFIRMED.**