**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID THOMAS RHODES,

              Plaintiff - Appellant,

v.

RICARDO E. CHAVEZ, individually and
in his official capacity as Warden of FCI
Phoenix; et al.,

              Defendants - Appellees.

No. 13-17368

D.C. No. 2:12-cv-01971-DGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted February 24, 2016[**]

Before:     LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

        David Thomas Rhodes, a former federal prisoner, appeals pro se from the

district court's judgment dismissing his action brought under *Bivens v. Six*

*Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),

---

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

alleging that he was incarcerated beyond the term of his sentence. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We vacate and remand.

The district court dismissed Rhodes' action as barred by the applicable statute of limitations. *See* Ariz. Rev. Stat. 12-542(1) (two-year statute of limitations for personal injury actions); *W. Ctr. For Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000) (for *Bivens* claims, federal courts apply the forum state's personal injury statute of limitations and federal law for determining accrual). However, as appellees concede, the dismissal was improper because Rhodes was pursuing habeas relief when he was released from custody, and thus his claim did not accrue before his release. *See Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994) ("[A prisoner's 42 U.S.C.] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."); *Erlin v. United States*, 364 F.3d 1127, 1130-31 (9th Cir. 2004) (explaining that under *Heck,* a cause of action for miscalculation of a prisoner's release date does not accrue until the prisoner has won a writ of habeas corpus); *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (order) ("*Heck* applies to *Bivens* actions.").

Accordingly, we vacate the dismissal of Rhodes' action to the extent that the district court concluded it was barred by the statute of limitations, and remand for further proceedings. We express no opinion on whether the district court had personal jurisdiction over defendants Johnson and Watts.

Appellees shall bear the costs on appeal.

**VACATED and REMANDED.**

13-17368