**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN VALDEZ, | No. 15-15469 |
| Plaintiff - Appellant, | D.C. No. 1:14-cv-00334-LJO-GSA |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted May 24, 2016**

Before:     REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Federal prisoner Juan Valdez appeals pro se from the district court's

judgment dismissing his action under *Bivens v. Six Unknown Named Agents of*

*Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging constitutional

violations in connection with the prison disciplinary process at Taft Federal

---

         *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

         **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Correctional Institution. We have jurisdiction under 28 U.S.C. § 1291. We review

de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (28 U.S.C.

§ 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order)

(dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We may affirm on any basis

supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir.

2008). We affirm in part, vacate in part, and remand.

To the extent that Valdez seeks release from prison, or modification or

commutation of his sentence, dismissal was proper because his "exclusive remedy

is a writ of habeas corpus." *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th

Cir. 1995). To the extent that Valdez seeks to challenge the results of his prison

disciplinary hearing, dismissal was proper because Valdez has not demonstrated

that the results of the disciplinary hearing, including the loss of good-time credits,

have been invalidated. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (a

"claim for declaratory relief and money damages, based on allegations . . . that

necessarily imply the invalidity of the punishment imposed," including the

deprivation of good-time credits, "is not cognizable under § 1983"); *Heck v.

Humphrey*, 512 U.S. 477, 487 (1994) (if "a judgment in favor of the plaintiff

would necessarily imply the invalidity of his conviction or sentence . . . the

complaint must be dismissed unless the plaintiff can demonstrate that the

15-15469

conviction or sentence has already been invalidated"); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (order) (*Heck* applies to *Bivens* actions). However, because the district court dismissed the action with prejudice, we vacate the judgment and remand with instructions for the district court to dismiss these claims without prejudice. *See Trimble*, 49 F.3d at 586 (where a plaintiff erroneously brings habeas claims in a civil rights action, the district court should "state that the prisoner's claims must be addressed in a habeas petition, and dismiss the [civil rights] claims without prejudice"); *id.* at 585 (dismissals under *Heck* are "required to be without prejudice so that [the plaintiff] may reassert his claims if he ever succeeds in invalidating his conviction").

We reject Valdez's contention that the district court should have construed his complaint as being brought under the Federal Tort Claims Act, 28 U.S.C. § 2674.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED in part, VACATED in part, and REMANDED.**