NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MONTE CATO LITTLE COYOTE, Jr., | No. 15-35820 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-00076-SPW |
| v. | |
| LORI ANNE HARPER SUEK; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted September 13, 2016**

Before: HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Federal prisoner Monte Cato Little Coyote, Jr., appeals pro se from the district

court's judgment dismissing his action under *Bivens v. Six Unknown Named*

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging

constitutional violations arising out of his criminal conviction. We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Whitaker v. Garcetti*, 486 F.3d 572, 579 (9th Cir. 2007) (dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal for failure to state a claim under 28 U.S.C. § 1915A).  We affirm.

The district court properly dismissed Little Coyote's action because Little Coyote's conviction has not been invalidated and his habeas petition was denied. *See Heck*, 512 U.S. at 487 (if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"); *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (order) (applying the rationale of *Heck* to *Bivens* actions).  Because the district court did not specify whether the dismissal of Little Coyote's action was with or without prejudice, we treat the dismissal as being without prejudice.  *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (dismissals under *Heck* are without prejudice).

The district court did not abuse its discretion in dismissing Little Coyote's complaint without leave to amend.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and

2                                                                                    15-35820

explaining that "a district court may dismiss without leave where . . . amendment would be futile").

The district court did not abuse its discretion by refusing to recuse the magistrate judge because Little Coyote failed to establish any ground for recusal. *See United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (setting forth standard of review and grounds for recusal).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We lack jurisdiction to consider the district court's order denying Little Coyote's motion to alter or amend the judgment because Little Coyote failed to amend his notice of appeal or file a separate notice of appeal. *See Whitaker*, 486 F.3d at 585.

**AFFIRMED.**

15-35820