**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WINIFRED JIAU, | No. 19-15825 |
| Plaintiff-Appellant, | D.C. No. 4:13-cv-04231-YGR |
| v. | |
| RANDY L. TEWS, Warden, FCI-Dublin, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted July 14, 2020**

Before:    CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Former federal prisoner Winifred Jiau appeals pro se from the district court's

summary judgment in her action brought under *Bivens v. Six Unknown Named*

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging violations of

her constitutional rights.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo.  *Nunez v. Duncan*, 591 F.3d 1217, 1222 (9th Cir. 2010).  We affirm in part, vacate in part, and remand.

The district court properly granted summary judgment on Jiau's due process claim because, even if a *Bivens* remedy is available for this claim, Jiau failed to raise a genuine dispute of material fact as to whether her continued imprisonment at FCI Dublin and not a Residential Re-Entry Center ("RRC") infringed on a protected liberty interest.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (an inmate's liberty interests protected by due process are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").  To the extent that Jiau's due process claim challenges the length of her RRC placement, the district court properly concluded that it lacked jurisdiction over such a challenge.  *See* 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."); *Rodriguez v. Smith*, 541 F.3d 1180, 1184-86 (9th Cir. 2008) (recognizing discretionary authority of Bureau of Prisons under § 3621(b) to make placement or transfer decisions).

The district court properly granted summary judgment on Jiau's Ex Post Facto Clause claim because, even if a *Bivens* remedy is available for this claim, Jiau failed to raise a genuine dispute of material fact as to whether the Ex Post

Facto Clause applies to the Inmate Financial Responsibility Program. *See Collins v. Youngblood*, 497 U.S. 37, 41-43 (1990) (explaining categories of legislative enactments prohibited by the Ex Post Facto Clause).

The district court properly granted summary judgment on Jiau's equal protection claim because, even if a *Bivens* remedy is available for this claim, Jiau failed to raise a triable dispute as to whether she was intentionally treated differently from others similarly situated, without a rational basis for the different treatment. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) (elements of an equal protection "class of one" claim); *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." (citation omitted)).

The district court properly dismissed Jiau's deliberate indifference and retaliation claims because Jiau failed to allege facts sufficient to state plausible claims. *See Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (elements of a retaliation claim in the prison context); *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006) (prison administrator is liable for deliberate indifference if administrator "knowingly fail[s] to respond to an inmate's requests for help"); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (standard of review; although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations

sufficient to state a plausible claim for relief).

However, the district court abused its discretion by denying Jiau leave to amend her deliberate indifference claim because it is not absolutely clear that the claim cannot be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). We vacate and remand for the district court to allow Jiau the opportunity to amend her deliberate indifference claim only.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Jiau's request for appointment of counsel, set forth in the opening brief, is denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**