Argued October 1, affirmed December 31, 1962

# STATE ex rel NILSEN v. JOHNSTON et ux

377 P. 2d 331

*Warde H. Erwin,* Portland, argued the cause for appellants. With him on the brief was Thomas M. Goldsmith, Portland.

*Thomas N. Trotta* and *Quintin B. Estell,* Assistant Attorneys General, Portland, argued the cause for respondent. With them on the brief were Robert Y. Thornton, Attorney General, Salem, and H. J. Belton Hamilton and Thomas Y. Higashi, Assistant Attorneys General, Portland.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan, O'Connell, Goodwin and Lusk, Justices.

ROSSMAN, J.

This is an appeal by the defendants, Arthur and Veda Johnston, from a judgment of the circuit court which was entered in an action brought by the plaintiff to recover wages which the plaintiff claims were due plaintiff's assignor, and a statutory penalty for the alleged failure of the defendants to have paid the wages within the time specified in ORS 652.140. The circuit court found that the defendants had paid the plaintiff in full, but that they had been at least five days late in doing so. It therefore penalized the defendants in the amount of $111.80, pursuant to ORS 652.150. In addition, it allowed $75 attorneys fees. The action was instituted by the plaintiff upon the relation of the Commissioner of the Bureau of Labor.

Neither the findings of fact nor the conclusions of law of the circuit court are challenged on this appeal. Instead, the defendants contend that the statute underlying these findings and conclusions is unconstitutional. We will limit our consideration of the facts and the issues to that contention.

The sole assignment of error advanced by the defendants is:

"The Court erred in denying defendants' Demurrer to plaintiff's Second Cause of Action in plaintiff's Complaint in that, the provision of the law permitting recovery of a penalty on the basis plaintiff computed the claim in his Second Cause of Action, is unconstitutional and void."

The provision of law to which the assignment of error refers is ORS 652.150, which provides:

"If an employer wilfully fails to pay any wages or compensation of any employe who is discharged or who quits his employment, as provided in ORS 652.140, then, as a penalty for such nonpayment, the

wages or compensation of such employe shall continue from the due date thereof at the same rate until paid or until action therefor is commenced; provided, that in no case shall such wages or compensation continue for more than 30 days; and provided further, the employer may avoid liability for the penalty by showing his financial inability to pay the wages or compensation at the time they accrued."

ORS 652.140, to which the above-quoted section refers, says, in relevant part:

"(1) Whenever an employer discharges an employe, or where such employment is terminated by mutual agreement, all wages earned and unpaid at the time of such discharge shall become due and payable immediately * * *.

"(2) When any such employe, not having a contract for a definite period, shall quit his employment, all wages earned and unpaid at the time of such quitting shall become due and payable immediately if such employe has given not less than 48 hours' notice, excluding Saturdays, Sundays and holidays, of his intention to quit his employment. If such notice is not given, such wages shall be due and payable 48 hours, excluding Saturdays, Sundays and holidays, after such employe has so quit his employment."

In late August of 1959, Robert E. Smith, who is plaintiff's assignor, was employed by the defendants to cut poles and help clear a right-of-way in the vicinity of Vernonia, Columbia County. Smith had worked only eleven days when a heavy rainfall, which began in September and continued for some considerable time, forced cessation of the work. A few days after he had returned to his home in Vancouver, Washington, Smith notified the defendants that he contemplated the acceptance of employment elsewhere and asked them to

pay the wages which were due. A dispute arose as to the amount of compensation to which he was entitled. When the defendants refused to pay the amount he demanded, Smith assigned his wage claim to the Commissioner of Labor, pursuant to ORS 652.330.

Defendants advance a three-pronged argument in support of their contention that ORS 652.150 is unconstitutional. Its essential points are:

    1. The statute is uncertain and indefinite regarding sanctions for enforcement of prompt wage payments.

    2. The statute is arbitrary and unreasonable in that the amount of the penalty it prescribes has no relationship to the employee's loss or the employer's wrong.

    3. The statute discriminates among employers as to the severity of the penalty imposed.

In seeking to establish these points, the defendants have placed before us numerous hypothetical situations which they claim demonstrate the vagueness, the arbitrariness and the discrimination which the statute fosters. A theme common to each of these examples depicts an unwary employer who has been trapped into subjecting himself to a penalty because he was unaware either that the employee's employment had been terminated or that the employee had actually done the amount of work which he claimed he had done. Throughout their brief the defendants proceed on the assumption that an employer who has made an honest and innocent error either in computing what he owes an employee or in assuming that his employee is still in his employ is unfairly penalized for making this error.

■ The assumption overlooks the fact that ORS

652.150 operates only where the employer has "wilfully" failed to meet the obligations outlined in ORS 652.140. Its purpose is to protect employees from unscrupulous or careless employers who fail to compensate their employees although they are fully aware of their obligation to do so. In *Nordling v. Johnston*, 205 Or 315, 283 P2d 994 (1955), this court said: "The meaning of the term 'wilful' in the statute is correctly stated in *Davis v. Morris*, 37 Cal App 2d 269, 99 P2d 345." We now quote the definition thus adopted:

> "* * * In civil cases the word 'wilful,' as ordinarily used in courts of law, does not necessarily imply anything blamable, or any malice or wrong toward the other party, or perverseness or moral delinquency, but merely that the thing done or omitted to be done was done or omitted intentionally. It amounts to nothing more than this: That the person knows what he is doing, intends to do what he is doing, and is a free agent."

That definition excludes the individual who does not know that his employee has left his employ or who has made an unintentional miscalculation. We must conclude, therefore, that the defendants' assumption is erroneous and that their hypotheticals do not apply to the statute under consideration.

Specifically, defendants contend that the meaning of the word "terminate" as it relates to employment is so vague and uncertain as to render ORS 652.150 unconstitutional. It will be noted that the word "terminate" does not appear in ORS 652.150, but is incorporated into it by reference to ORS 652.140, which is also set forth above. Termination of employment contemplates a severance of the employment relationship rather than a mere temporary cessation of work. The questions of whether there was a termination and

whether the evidence warrants a finding that the employer should be charged with a knowledge of such termination are for the trier of fact to resolve from a consideration of all of the circumstances. That the legislature did not specify precisely what actions on the part of the parties constitute a termination is of no consequence. It undoubtedly was aware that in the everyday relationships of employers with their employees there are numerous ways in which employment may be terminated and thought it wise not to restrict the term by a narrow definition which may serve only to trap an unwary employee. It thus left it to the courts to determine what is a termination on the facts of the specific case.

■ Defendants contend that ORS 652.150 violates the due process clause of the United States Constitution in that the application of the penalty results in an arbitrary and unreasonable confiscation of property. In seeking to support this contention they again proceed on the assumption that the employer who is being penalized is ignorant of the fact that he is indebted to his former employee. We have already shown that this assumption is erroneous and that the statute penalizes only employers who do not pay even though they know that the compensation is due.

■ Defendants assert that the amount of the penalty is arbitrary and unreasonable in that it has no relationship to the employee's loss or the employer's wrong. They also urge that ORS 652.150 is unconstitutional because it discriminates among employers. We have been unable to discover any evidence in the record which supports either of these contentions. In their briefs the defendants engage in speculations which may or may not have merit. By merely asserting these charges they do not discharge the burden of proving

that the statute is unconstitutional. Our examination of the record leads us to the conclusion that the defendants have failed to discharge that burden. Their assignment of error is without merit. Among the findings of fact of the circuit court were the following:

"5. That the Defendants terminated the wage claimant, Robert E. Smith.

"6. That at the time the wage claimant was discharged there was still due to him in wages the sum of $96.00.

"7. That said sum of $96.00 was wilfully withheld from the wage claimant for a period of at least 5 days and was then paid on September 19, 1959 * * *."

We have said that these findings of fact are undisputed on this appeal. The finding that the defendants wilfully withheld from Smith compensation to which he was entitled clearly places them within the condemnation of the statute. The judgment of the circuit court is affirmed.