Argued and submitted October 26, 1999, reversed and remanded May 17, 2000

# Frances VENTO,
*Appellant,*

*v.*

# VERSATILE LOGIC SYSTEMS CORP.,
dba Versalogic, Inc.,
*Respondent.*

(12-98-01882; CA A103546)

3 P3d 176

Jacqueline L. Koch argued the cause for appellant. With her on the opening brief was Findling & Johnson LLP; with her on the reply brief was Koch & Deering.

Ian T. Richardson argued the cause for respondent. With him on the brief was Gleaves Swearingen Larsen Potter Scott & Smith LLP.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

DE MUNIZ, P. J.

**DE MUNIZ, P. J.**

Plaintiff brought this action under the Oregon wage and hour laws, ORS ORS 652.110 *et seq.*, and the Fair Labor Standards Act (FLSA), 29 USC section 207, to recover unpaid overtime wages, liquidated damages and penalty wages. Defendant prevailed in mandatory arbitration, and plaintiff requested a trial *de novo* pursuant to ORS 36.425. In the trial court, defendant employer moved for summary judgment on the ground that plaintiff had signed an agreement purporting to release defendant from all claims, including "wages, overtime pay, vacation pay, sick leave, expense reimbursement, and any other compensation and wage or employment benefit due her as an employee of [defendant]" during her period of employment. The trial court granted defendant's motion without explanation and awarded attorney fees to defendant. Plaintiff appeals the trial court's summary judgment in defendant's favor, as well as its grant of attorney fees. We reverse and remand.

On review of summary judgment, we state the facts in the light most favorable to the nonmoving party. Under the summary judgment rule applicable to this case, the moving party had the burden of showing that no genuine issues of material fact existed and that the party was entitled to judgment as a matter of law. *Jones v. General Motors Corp.*, 325 Or 404, 939 P2d 608 (1997).

Plaintiff worked for defendant from October 9, 1995 until November 27, 1996, at which time defendant terminated plaintiff's employment. Plaintiff was an hourly employee, compensated at the rate of $10 per hour. In her complaint in this wage claim action, plaintiff asserted that defendant allowed, permitted, and suffered plaintiff to work in excess of 40 hours per week, that defendant failed to make payment of overtime wages owed in the amount of $397.50 within 48 hours of her termination, and that the failure was willful. In its answer, defendant asserted that it was without information sufficient to admit or deny whether it allowed, permitted, and suffered plaintiff to work hours in excess of 40 hours per week but denied that plaintiff was due any unpaid wages, liquidated damages, or penalties. As relevant on appeal, defendant asserted defenses of release, compromise and settlement, accord and satisfaction, statutory bar, and

payment. Those defenses were based on defendant's assertion that, on December 6, 1996, plaintiff had signed an agreement for consideration of $1,000 settling any claims arising from plaintiff's employment with defendant. Defendant also sought attorney fees pursuant to ORS 20.105(1) and ORS 36.425(4) (permitting attorney fees on cases going through mandatory arbitration).

Defendant moved for summary judgment on the same grounds raised in its defenses and submitted an affidavit from its president asserting that, less than 30 days after plaintiff's employment ended, she signed a release in satisfaction of all wage claims. The president asserts in his affidavit that defendant and its employees and agents had no knowledge that overtime wages were due and at all times believed in good faith that no unpaid overtime wages were due. He further asserted that plaintiff accepted paychecks through her period of employment that did not include payment of overtime. Defendant requested attorney fees in the amount of $3,724.14. The trial court granted defendant's motion for summary judgment and awarded attorney fees and costs against plaintiff in the amount of $3,744.

On appeal, plaintiff asserts that the trial court erred in granting defendant's motion for summary judgment. She points out that, under both the state wage and hour laws and the FLSA, the release she signed was invalid. *See* ORS 652.360 (employee may not waive rights under wage claim statutes pursuant to express contract without prior approval of Bureau of Labor and Industries); 29 USC § 216 (payment of unpaid overtime compensation to be supervised by Secretary of Labor or by court).

Defendant agrees that the release does not satisfy those provisions but argues that, nonetheless, the $1,000 it paid in exchange for the release satisfies any claim for wages that plaintiff otherwise might have had, noting that plaintiff only alleged that she was owed $397.50 in overtime wages. Defendant argues that the $1,000 would cover that amount, plus any statutory liquidated damages to which plaintiff would be entitled under 29 USC section 216, which would amount to an additional $397.50.

Plaintiff has several responses to defendant's argument. First, plaintiff notes that the release does not specify

what portion of the payment was attributed to unpaid overtime and what portion might be attributable to the many other types of compensation that might have been owed plaintiff. Thus, plaintiff suggests, the entire amount cannot simply be classified as unpaid overtime wages. Alternatively, plaintiff argues that, even if the entire $1,000 is classified as unpaid overtime wages, it was insufficient to cover the unpaid wages owed because those wages include not only the $397.50 in unpaid overtime and the FLSA statutory liquidated damages of $397.50, but also penalty wages due under ORS 652.150.

In response to plaintiff's alternative argument concerning penalty wages, defendant argues that such penalty wages would only become due and payable "[i]f an employer *willfully* fails to pay any wages or compensation of any employee whose employment ceases[.]" ORS 652.150 (emphasis added). Defendant argues that the affidavit of its company president establishes that it believed in good faith that no overtime wages were due to plaintiff and that the affidavit establishes that any failure to pay overtime wages therefore was not willful under ORS 652.150. Thus, defendant concludes, it was entitled to summary judgment because no genuine issue of material fact existed as to whether it owed plaintiff penalty wages under ORS 652.150 because it established that any failure to pay was not willful.

■　　On appeal, we do not find it necessary to reach plaintiff's first argument, because we find that her alternative argument is dispositive here. Assuming for the sake of argument that the $1,000 paid to plaintiff in exchange for the release may be attributed to unpaid wages, and that such a conclusion does not violate the public policies set forth in the Oregon wage and hour laws or the FLSA, and viewing the facts in the light most favorable to plaintiff, $1,000 was insufficient to cover the amount due to plaintiff under the state and federal wage and hour laws. Defendant agrees, for purposes of summary judgment, that it could have owed the $397.50 in overtime wages and the $397.50 in FLSA liquidated damages, for a total of $795.00. However, penalty wages due under ORS 650.150 also must be viewed as "wages" for purposes of this equation. *See generally Wyatt v.*

*Body Imaging, P.C.*, 163 Or App 526, 989 P2d 36 (1999), *rev den* 330 Or 252 (2000) (accruing penalties under ORS 650.150 are "wages"). Such penalties accrue if an employer willfully fails to pay wages due to an employee within the required time frame after termination and "shall continue from the due date thereof at the same hourly rate for eight hours per day until paid or until action therefor is commenced; provided, that in no case shall such wages or compensation continue for more than 30 days from the due date[.]" ORS 652.150. Under ORS 652.140(1), plaintiff's wages became due at the end of the business day on November 28, 1996. Plaintiff received the $1,000 for the release agreement on December 6, 1996. She had been compensated at the hourly rate of $10 per hour. Under ORS 652.150, defendant potentially owed plaintiff $80 per day ($10 multiplied by eight hours) for the seven days between those dates, or a total of $560 in penalty wages. Thus, as of the date of the $1,000 payment, defendant may have owed plaintiff a total of $1,355.

We do not agree that the affidavit of defendant's president eliminates a genuine issue of material fact as to whether defendant "willfully" failed to pay for purposes of ORS 652.150. As noted above, defendant asserted in its answer that it was without information sufficient to admit or deny whether it allowed, permitted, and suffered plaintiff to work hours in excess of 40 hours per week. Defendant had a legal obligation to keep records of the "actual hours worked each week and each pay period by each employee." ORS 653.045(1)(b). Defendant does not dispute that it had an obligation to pay hourly employees for overtime work. Given those realities, an employer's statement that it had a "good faith belief" that no overtime wages were due does not establish that a failure to pay overtime wages was not "willful."

In *Wyatt*, we made it clear that a determination of willfulness for purposes of ORS 652.150 is not based on a determination of "good faith" or "bad faith." 163 Or App at 531-32. Rather, the question is whether a "person knows what he is doing, intends to do what he is doing, and is a free agent." *Id.* at 531, *quoting Nilsen v. Johnston*, 233 Or 103, 108, 377 P2d 331 (1962); *see also Sabin v. Willamette-Western Corp.*, 276 Or 1083, 1093, 557 P2d 1344 (1976). In *Wyatt*, the

employer withheld wages for the purpose of paying insurance premiums with a good faith belief that it could successfully negotiate for the insurance policy in question. 163 Or App at 531. Notwithstanding the employer's apparent good faith, the court nonetheless held that the withholding of the wages was willful for purposes of ORS 652.150. The Oregon Supreme Court similarly has rejected narrow interpretations of the term "willfully" as used in ORS 652.150. Most recently, the court, in *Taylor v. Werner Enterprises, Inc.*, 329 Or 461, 988 P2d 384 (1999), held that a willful failure to pay wages due occurred when the employer's agent failed to pay the plaintiff on termination the $400 that it earlier had withheld from his wages as a bond. The court noted that "employers willfully fail to pay their employees when they 'fail to compensate their employees although they are fully aware of their obligation to do so.'" *Id.* at 469, *quoting Nilsen*, 233 Or at 108.

■ In *Nilsen*, the court concluded that the purpose of the "willfully" requirement of ORS 652.150 "is to protect employees from * * * careless employers who fail to compensate their employees although they are fully aware of their obligation to do so." 233 Or at 108. Under this definition of "willfully," an employer may well have a good faith belief that it owes no overtime to an employee but still act "willfully" in failing to pay wages. For example, if such an employer asserts that it lacks sufficient information to admit or deny whether its employee worked overtime, it is from just such a careless employer that ORS 652.150 seeks to protect employees. As noted above, defendant had an obligation to keep track of the hours worked by its hourly employees. Defendant's subjective good faith belief that it owes no overtime wages to plaintiff does not establish a lack of willfulness under ORS 652.150, given that defendant also asserts that it lacks sufficient knowledge of its own records to determine whether, in fact, plaintiff actually worked any overtime.

The trial court erred in granting summary judgment to defendant. Even assuming that the $1,000 release payment made to plaintiff is attributable to unpaid wages, there is a genuine issue of material fact as to whether defendant

owed plaintiff more than that amount because there is a genuine issue of material fact as to whether defendant "willfully" failed to pay wages owed to plaintiff. ORS 652.150. Because defendant was not entitled to summary judgment, the award of attorney fees and costs to defendant necessarily must be reversed as well.

Reversed and remanded.