NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 31 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| TAYLOR LEMONS, individually and on behalf of all similarly situated individuals, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> WALGREEN PHARMACY SERVICES MIDWEST, LLC; et al., <br><br> Defendants-Appellees. | No. 22-35354 <br><br> D.C. No. 3:21-cv-00511-MO <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted October 18, 2023
Portland, Oregon

Before: KOH and SUNG, Circuit Judges, and EZRA,[**] District Judge.

Taylor Lemons appeals the district court's dismissal of count two of his

putative class action against Walgreen Pharmacy Services Eastern, LLC or

Walgreen Pharmacy Services Western, LLC under Federal Rule of Civil Procedure

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

12(b)(6). We review de novo the district court's dismissal for failure to state a claim. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court properly dismissed count two of Lemons's action because Lemons failed to allege specific facts sufficient to show that his employment with Walgreen Eastern or Walgreen Western was terminated. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context."). "Termination of employment contemplates a severance of the employment relationship rather than a mere temporary cessation of work." *State ex rel. Nilsen v. Johnston*, 377 P.2d 331, 333–34 (Or. 1962). To determine whether a termination took place, a trier of fact must "consider[] . . . all of the circumstances." *Id.* at 334. Here, there is only one specifically alleged fact that Lemons contends shows a termination occurred: the internal, corporate merger of two subsidiaries that are both wholly owned by Walgreen Co. But that alleged fact, in and of itself, does not establish a termination occurred under the totality of the circumstances. All other facts specifically alleged in the complaint show continuity in Lemons's employment and not severance.

Because we conclude that Lemons's claim was properly dismissed, we do not reach the question of whether claim two is barred by the statute of limitations.

2

**AFFIRMED.**