Argued and submitted February 25, affirmed July 17, 1985

KLING,
*Respondent,*

*v.*

EXXON CORPORATION, dba Exxon
Office Systems Company,
*Appellant.*

(244379; CA A33008)

703 P2d 1021

Charles F. Adams, Portland, argued the cause for appellant. On the brief were Guy A. Randles, and Stoel, Rives, Boley, Fraser & Wyse, Portland.

Robert W. Goodwin, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Warden and Young,* Judges.

RICHARDSON, P. J.

---

*Young, J., *vice* Newman, J.

## RICHARDSON, P. J.

Plaintiff brought this action to recover earned wages not paid immediately when defendant terminated his employment, ORS 652.140,[1] and for statutory penalties pursuant to ORS 652.150.[2] The case was tried to the court without a jury. The court concluded that defendant had failed to pay plaintiff immediately on termination all wages earned and unpaid and entered judgment for plaintiff. The judgment also assessed a civil penalty and awarded plaintiff attorney fees. ORS 652.200(2).[3] Defendant appeals, contending that its motion to dismiss should have been granted, that it should not be assessed the penalty, that voluntary payments it made to plaintiff after his termination should be credited against any penalty assessed; and that ORS 652.200(2) unconstitutionally permits an award of attorney fees only to prevailing plaintiffs but not to successful defendants. We affirm.

In his amended complaint, plaintiff alleged that he was terminated by defendant on May 27, 1983, and that there were wages due and unpaid on that date. Defendant argued that plaintiff had been terminated on May 5, 1983, and, therefore, the amount he claimed that was due on May 27, 1983, was not wages but money defendant "gratuitously volunteered to pay." On that theory, defendant moved for

---

[1] ORS 652.140(1) provides, in pertinent part:

"Whenever an employer discharges an employe, or where such employment is terminated by mutual agreement, all wages earned and unpaid at the time of such discharge shall become due and payable immediately * * *."

[2] ORS 652.150 provides:

"If an employer wilfully fails to pay any wages or compensation of any employe who is discharged or who quits his employment, as provided in ORS 652.140, then, as a penalty for such nonpayment, the wages or compensation of such employe shall continue from the due date thereof at the same rate until paid or until action therefor is commenced; provided, that in no case shall such wages or compensation continue for more than 30 days; and provided further, the employer may avoid liability for the penalty by showing his financial inability to pay the wages or compensation at the time they accrued."

[3] ORS 652.200(2) provides:

"In any action for the collection of wages, if it is shown that the wages were not paid for a period of 48 hours, excluding Saturdays, Sundays and holidays, after the same became due and payable, the court shall upon entering judgment for the plaintiff, include in such judgment, in addition to the costs and disbursements otherwise prescribed by statute, a reasonable sum for attorney fees at trial and on appeal for prosecuting such action, unless it appears that the employe has wilfully violated the contract of employment."

dismissal under ORCP 54B(2). The court denied the motion on the basis that the issue of whether defendant was subject to a penalty was still open. The court then concluded, consistent with defendant's evidence, that plaintiff was terminated on May 5, 1983. At that time, plaintiff had earned wages for May 2 through May 5, and they remained unpaid until May 13, 1983.

In view of the fact that the court concluded that plaintiff had been involuntarily terminated on May 5, 1983, as defendant contended, there was no error in denying defendant's motion to dismiss. ORCP 23B.

Defendant offers an explanation for its failure to satisfy the duty imposed by ORS 652.140. Instead of "invoking termination procedures," defendant promised to pay plaintiff two weeks salary in lieu of a termination notice and a week of vacation to which he was not otherwise entitled. Defendant claims that plaintiff understood that those amounts would be paid on the next regular pay day. Apparently defendant's next regular pay day was May 13, and on that date it paid plaintiff wages earned from May 2 through May 5 and also paid six days of the two weeks salary that was promised in lieu of notice of termination. On the subsequent pay day, May 27, plaintiff was paid the remainder of the two weeks salary.[4] Thus, defendant explains, it did not pay plaintiff on May 5, because "it had voluntarily committed to continue his pay after his termination."

▆▆▆ Defendant contends that its failure to pay plaintiff's earned and unpaid wages was in good faith and with the understanding that plaintiff had agreed to the payment procedure. Defendant correctly points out that a failure to pay wages when due must be "wilful" before an employer is subject to the penalty provided by ORS 652.150, *see Sabin v. Willamette-Western Corp.*, 276 Or 1083, 1093, 557 P2d 1344 (1976), and argues that its showing of good faith precludes a finding of wilful failure to pay. This argument has been rejected repeatedly. *See Sabin v. Willamette-Western Corp., supra; Schulstad v. Hudson Oil Company, Inc.*, 55 Or App 323, 328-29, 637 P2d 1334 (1981), *rev den* 292 Or 825 (1982); *see also Garvin v. Timber Cutters, Inc.*, 61 Or App 497, 500, 658

---

[4] Plaintiff received the promised vacation pay in July, 1983.

P2d 1164 (1983); *Reed v. Curry-Kropp-Cates, Inc.,* 61 Or App 520, 525, n 3, 658 P2d 531 (1983). The term "wilful," as it appears in ORS 652.150, means that the employer knew what it was doing, intended to do it and was a free agent. *State ex rel Nilsen v. Johnston et ux,* 233 Or 103, 108, 377 P2d 331 (1962). The trial court's findings show that defendant knew that plaintiff was owed earned and unpaid wages on May 5, knew that it was not paying those wages on May 5 and knew that May 5 was plaintiff's termination date. Those findings are sufficient to support the conclusion that defendant's failure to pay plaintiff was wilful for purposes of ORS 652.150. *See, generally, Putnam v. Department of Justice,* 58 Or App 111, 115-16, 647 P2d 949 (1982).

■　　　Defendant contends that the amounts it voluntarily paid—that is, the payments in lieu of a termination notice—should be credited against penalties otherwise due for its wilful failure to pay plaintiff's earned and unpaid wages on May 5. It argues that the trial court's ruling to the contrary has the "ludicrous effect" of requiring it to pay plaintiff twice for the same days and results in the anomalous circumstance that an "employer cannot satisfy its wage-claim obligations until after a full-scale trial." There is no evidence that defendant intended its payments to "satisfy its wage-claim obligations" or that plaintiff accepted the payments with that understanding. On the contrary, those payments were the result of a separate agreement to pay money in lieu of a termination notice.

■ ■　　　Defendant argues that plaintiff waived his right to immediate payment of his earned and unpaid wages, or that he should be estopped from asserting his right, because he accepted the payments defendant made and did not expect or demand immediate payment on May 5. This argument is without merit. An employe may not waive his rights under the wage claim statutes pursuant to an *express* contract without prior approval by the commissioner of the Bureau of Labor and Industries. ORS 652.360. If an express but unapproved contract would not relieve defendant of its statutory duty then, *a fortiori,* defendant may not resort to the affirmative defense of waiver or estoppel to escape that duty.

■　　　Finally, defendant contends that ORS 652.200(2) denies it equal protection by permitting an award of attorney

fees to prevailing plaintiffs only, while denying them to successful defendants. In this regard, the trial court found:

"* * * There is a rational connection between ORS 652.200 and the valid legislative purpose of encouraging employees as a class to seek legal redress for earned but unpaid wages following termination of their employment.

"* * * * *

"* * * The distinction between plaintiffs and defendants is clearly based upon a legislative finding that employees as a class are at an economic disadvantage in seeking legal redress for their claims. Furthermore, few attorneys would be motivated to pursue employee's wage claims on a contingent-fee basis in view of the relatively small amount of most such claims. Employers are protected from frivolous and malicious claims by ORS 20.105."

We agree with the trial court and adopt its reasoning.

Affirmed.