**Roque ARANDA, Plaintiff—Appellant,**

v.

**DEPARTMENT OF SOCIAL AND HEALTH SERVICES; Eugene Natali, U.S. Probation Officer; Rodrigo L. Maryorga, Attorney; K. Dali, District Attorney; Public Defenders Office; Ernest Velasquez; Edward Hunt, Defendants—Appellees.**

No. 03–15056.
D.C. No. CV–00–06116–REC.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 25, 2003.

R.App. P. 34(a)(2).

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Roque Aranda, a pro se prisoner, appeals the sua sponte dismissal of his action alleging claims under the Federal Torts Claim Act, ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671–2680; the Alien Tort Claims Act ("ATCA"), 28 U.S.C. § 1350; 42 U.S.C. §§ 1983 and 1985(3); and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court's decision to dismiss under 28 U.S.C. § 1915(e) is reviewed *de novo*. *Barren v. Harrington*, 152 F.3d 1193, 1195 (9th Cir.1998). We may affirm for any reason supported by the record. *Tanaka v. Univ. of S. Cal.*, 252 F.3d 1059, 1062 (9th Cir.2001).

## I

There was no procedural error in the district court's adoption of the magistrate judge's dismissal recommendation. Aranda's claim that he was "surprised" by the dismissal is untenable given that the district court dismissed the action ten months after Aranda was given 30 days to

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Despite a warning from the magistrate judge, Aranda failed to re-allege the claims from his First Amended Complaint when he filed his Second Amended Complaint. We do not address the deleted claims. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987) ("All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.").

file his objections; seven months after Aranda was given an extra 30 days extension; and three months after Aranda's premature appeal was dismissed. Moreover, Aranda suffered no prejudice from this "surprise" because he can still assert all of his arguments in this appeal. *See Richardson v. Sunset Science Park Credit Union,* 268 F.3d 654, 658 (9th Cir.2001) (stating that the failure to file objections does not waive challenges to the district court's legal conclusions).

## II

■ Turning to the merits, the claims in Aranda's Second Amended Complaint all involve the events surrounding his guilty plea in early 1986 to a charge of violating 8 U.S.C. § 1326. Aranda now asserts that a number of defendants conspired to deprive Aranda of his constitutional rights to a fair trial and effective assistance of counsel, relying on section 1983, section 1985(3), and *Bivens,* 401 U.S. at 388, 91 S.Ct. 780. Aranda also raises a malicious prosecution claim based on the same allegations. Because Aranda's conviction has not been set aside all of these claims are barred by *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).[2]

The other claims in Aranda's Second Amended Complaint are not barred by

*Heck* because they do not imply the invalidity of his conviction.[3] These claims are, however, barred by the statute of limitations applicable to ATCA, FTCA or *Bivens* actions.[4] All of Aranda's remaining claims accrued between his arrest in 1985 and his conviction in 1986. There is no possibility that Aranda can toll enough of the fourteen years from 1986 until he brought this action in July 2000 to render his complaint timely. *See Santa Maria v. Pacific Bell,* 202 F.3d 1170, 1178 (9th Cir.2000) (requiring due diligence to justify equitable tolling).

AFFIRMED.

---

**2.** *See also Martin v. Sias,* 88 F.3d 774, 775 (9th Cir.1996) (addressing *Bivens* claims); *McCubbrey v. Veninga,* 39 F.3d 1054, 1055 (9th Cir.1994) (addressing malicious prosecution claims under California law).

**3.** Aranda alleges that U.S. Marshals failed to advise him of his right to contact the Mexican consulate. Aranda also alleges that unnamed Border Patrol agents purposefully injured him in retaliation for exercising unspecified constitutional rights. Aranda further alleges that the INS unconstitutionally singled out Hispanic inmates at the San Joaquin County Jail for immigration interviews and improperly filed an I–274 form with the San Joaquin County Jail instead of a "hold."

**4.** *See* 28 U.S.C. § 2401 (FTCA's two year statute of limitations); *Deutsch v. Turner Corp.,* 324 F.3d 692, 717 (9th Cir.2003) (recognizing ATCA's ten year statute of limitations); *Papa v. United States,* 281 F.3d 1004, 1009 (9th Cir.2002) (recognizing the one year limitations period for *Bivens* actions in California); *see also Franklin v. Murphy,* 745 F.2d 1221, 1228 (9th Cir.1984) ("An action may be dismissed under section 1915(d) where the defense is complete and obvious from the face of the record...."); *Pisciotta v. Teledyne Indus., Inc.,* 91 F.3d 1326, 1331–32 (9th Cir.1996) (dismissing on statute of limitations grounds).