ORTEGA, P.J.
*812 In a case involving Oregon's wage-claim statutes, plaintiff appeals a judgment that concluded that defendant prevailed on plaintiff's minimum wage claim, awarded defendant attorney fees, costs, and disbursements on that claim, and denied plaintiff's request for attorney fees on his second and third wage claims. On appeal, plaintiff raises issues related to the trial court's determination that defendant prevailed on plaintiff's minimum wage claim, the award of attorney fees to defendant, and the denial of attorney fees to *767 plaintiff. Plaintiff also challenges the trial court's authority to "setoff" plaintiff's minimum wage recovery with the value of lodging and utilities that defendant provided to plaintiff. We reject plaintiff's assignments related to the trial court's "setoff" of any minimum wage recovery, but conclude that the trial court's ruling on attorney fees was erroneous in part. We reverse and remand the judgment as to the attorney fee award.
BACKGROUND
The following facts are undisputed. Defendant employed plaintiff as a groundskeeper and maintenance worker from April 2009 to April 2012. Plaintiff signed an employment contract that provided that he would work in exchange for being allowed to live in a home owned by defendant that was located inside the gated entrance to defendant's property. Plaintiff never received a paycheck, paycheck stub, or any monetary wages during his employment. Further, defendant failed to keep any record of deductions from plaintiff's wages to account for the lodging and utilities provided to plaintiff, and plaintiff never authorized any such deductions in writing. In April 2012, defendant terminated plaintiff's employment and evicted him from the home through a forcible entry and detainer (FED) action.
On February 7, 2013, plaintiff sent defendant a letter demanding full payment of unpaid wages in an amount "between $53,731.20 to $73,801.20," plus civil penalties for failing to pay minimum wages and failing to timely pay all wages at termination, and notifying defendant that he intended to file a claim for recovery of those wages and penalties.
*813 On February 19, 2013, plaintiff brought an action against defendant based on Oregon's wage-claim statutes. Plaintiff's first claim for relief sought a minimum wage "in the approximate amount of $73,801.20" under ORS 653.025[1] for all hours plaintiff worked between April 2009 and April 2012. He also alleged an entitlement to a civil penalty under ORS 653.055(1),[2] as well as attorney fees under ORS 653.055(4)[3] and ORS 652.200(2).[4] Plaintiff's second claim sought a civil penalty under ORS 652.150[5] based on defendant's failure to make payment of final wages upon plaintiff's termination of employment. See ORS 652.140(1) (requiring payment of all wages earned and unpaid at the time of an employee's discharge or termination "not later than the end of the first business day after the discharge or termination"). Plaintiff also sought attorney fees, costs, and disbursements related to that claim under ORS 652.200(2). In his third claim, plaintiff alleged that, without complying with the requirements of ORS 652.610,[6] defendant unlawfully deducted amounts from plaintiff's wages for lodging and utilities. As a result of the deductions, plaintiff asserted that ORS 652.615 entitled *768 him to "actual damages" or $200, *814 whichever was greater, for each unlawful deduction and a reasonable sum for attorney fees under ORS 652.615.[7]
Defendant admitted that it owed plaintiff a minimum wage for the hours that he worked, although defendant disputed the accuracy of the number of hours claimed by plaintiff. Defendant also admitted that it owed plaintiff a civil penalty of $2,112 for its failure to pay wages on termination of employment under ORS 652.150. Defendant further admitted that it had violated the requirements of ORS 652.610(3) when it deducted lodging and utilities from plaintiff's wage without keeping proper track of the deductions in its records. Accordingly, defendant admitted that it owed an additional civil penalty of $7,200 for 36 months of violations of ORS 652.610(3).
Defendant, however, asserted several affirmative defenses and counterclaims. As relevant on appeal, defendant claimed as an affirmative defense that it was entitled to "set off" plaintiff's minimum wage by the value of lodging and utilities furnished to plaintiff "for his private benefit." Defendant also asserted that any relief granted to plaintiff should be set off by $1,478, representing money owed to defendant from plaintiff pursuant to its FED action against plaintiff.
In addition, defendant asserted counterclaims for unjust enrichment and quantum meruit , claiming that it had conferred a "valuable benefit" to plaintiff in the amount of $46,892.07 by furnishing plaintiff with lodging and utilities during his employment. Those counterclaims implicated ORS 653.035(1), which provides that "[e]mployers may deduct from the minimum wage to be paid employees *** the fair market value of lodging, meals or other facilities or services furnished by the employer for the private benefit of the employee." Defendant also pleaded a right to attorney fees under ORS 653.055(4).[8]
*815 The case proceeded to trial for the jury to resolve three factual issues: (1) the number of hours plaintiff worked during his employment, (2) whether the lodging and other services provided to plaintiff by defendant were provided for his "private benefit" under ORS 653.035(1), and (3) the value of lodging and utilities provided by defendant to plaintiff. The jury found that plaintiff earned $38,796 as a minimum wage for the time he worked for defendant. The jury also found that defendant's provision of lodging and utilities was for plaintiff's "private benefit" and that the value of that benefit was $43,403.
After the verdict, the parties each sought attorney fees and costs, and both parties submitted memoranda arguing about the proper form of judgment and the amount of any money award. Plaintiff asserted that, as the prevailing party on his first two wage claims, he was entitled to a mandatory attorney fee award under ORS 652.200(2), and that ORS 652.615 and ORS 653.055 provided the basis for a discretionary attorney fee award on his third claim. In total, plaintiff sought $45,798 in attorney fees and $6,010 in costs.
Further, plaintiff argued that a judgment should be entered that, as to his first claim, entitled him to the minimum wage found by the jury, a civil penalty of $2,112, and prejudgment interest. As for his second claim, he asserted that the judgment should reflect a penalty wage of $2,112. And, as for his third claim, plaintiff argued that he was due "actual damages" equal to the wrongfully withheld wages of $38,642, plus prejudgment interest. He also argued that defendant was not entitled to "any reduction" in damage amounts, asserting that a "setoff" was not appropriate in "law or equity" because a party "cannot use equitable principles to avoid obligations and liabilities imposed by statute." Accordingly, plaintiff urged the trial court to enter a judgment with a money award for plaintiff of $81,508 plus prejudgment *769 interest, costs, disbursements, and attorney fees.
Defendant objected to plaintiff's attorney fee request and his proposed judgment and money award. As to the proposed judgment, defendant argued that because the value of the lodging and services provided to plaintiff exceeded the minimum wage that he was due, plaintiff had no "actual *816 damages" on his first claim. Further, in defendant's view, it was entitled to judgment on its equitable counterclaims for the value of lodging and utilities, plus prejudgment interest, and expenses incurred in defendant's FED action. As for attorney fees, defendant asserted that, because the value of lodging and utilities exceeded the minimum wage owed to plaintiff, defendant had prevailed on plaintiff's first claim and was therefore entitled to attorney fees under ORS 653.055(4). Defendant also argued that, although plaintiff prevailed on his second claim for relief, he was not entitled to a mandatory fee award under ORS 652.200(2) because he had "unreasonably failed to give notice of claims to defendant prior to filing this action." Regarding plaintiff's third claim, defendant asserted that a discretionary award under either ORS 652.615 or ORS 653.055 was inappropriate because defendant had "prevailed" on that claim. Accordingly, defendant requested $22,272 in attorney fees and $1,080 in costs under ORS 653.055(4) as the prevailing party.
The trial court concluded that defendant "is the prevailing party in this matter and is therefore entitled to an award of attorney fees." Accordingly, the court directed defendant to prepare a judgment that awarded defendant $22,272 in attorney fees.
The judgment subsequently entered by the court indicated that, as to plaintiff's first claim, plaintiff was "owed no unpaid minimum wages" because of the "setoff" related to lodging and utilities and "is awarded nothing on this claim." The judgment also indicated that, although plaintiff was due a $2,112 statutory penalty on his second claim, no attorney fees were awarded because of the "failure of plaintiff to give reasonable pre-filing notice of claims to defendant." And as to plaintiff's third claim, the court awarded a $7,200 statutory penalty but "[n]o attorney fees are awarded on this claim, per the court's discretion." Turning to defendant's affirmative defenses and counterclaims, the judgment reflected that, as to defendant's first affirmative defense for a "setoff," plaintiff's claims were set off by the amount of $1,478. As for defendant's first and second counterclaims for unjust enrichment and quantum meruit , "defendant has a valid offset against minimum wages accrued by plaintiff *** in the amount of $43,403, *** plus *817 prejudgment interest." Finally, the judgment noted that defendant was entitled to $22,272 in attorney fees "per ORS 653.055(4)." As a result, after apparently accounting for various amounts of prejudgment interest, the judgment contained a "net judgment" for defendant of $12,520 and $1,080 in costs. Accordingly, as we understand the trial court's judgment, the court determined that defendant prevailed on plaintiff's first claim and plaintiff prevailed on his second and third claims. In addition, defendant was entitled to "set off" plaintiff's minimum wage recovery by the value of lodging and utilities and was entitled to affirmative relief on its equitable counterclaims in the amount that the lodging and utilities exceeded plaintiff's minimum wage.
On appeal, in several assignments of error, plaintiff challenges the trial court's attorney fee award and the court's ruling that defendant's affirmative defense and counterclaims reduced plaintiff's recovery on his minimum wage claim to zero. We begin with plaintiff's arguments about the effect of defendant's affirmative defenses and counterclaims before addressing the attorney fee award.
REDUCTION IN PLAINTIFF'S RECOVERY
In plaintiff's fourth assignment of error, he challenges the trial court's authority to reduce his recovery under the wage-claim statutes by the value of lodging and utilities provided to him by defendant.[9] As we understand *770 plaintiff's argument, he maintains that, even though defendant prevailed on its affirmative defense and counterclaims, the court could not reduce any part of plaintiff's recovery on his wage claims in this action. In support of that assertion, he raises two arguments. First, he advances the broad argument that equitable counterclaims, such as unjust enrichment and quantum meruit , do not allow a defendant to "avoid obligations and liabilities imposed by statute." He relies on our decision in Kling v. Exxon Corp. , 74 Or. App. 399, 403, 703 P.2d 1021 (1985), to support that proposition. Second, he argues that ORS 652.610(5), which does not "[d]iminish or *818 enlarge the right of any person to assert and enforce a lawful setoff or counterclaim *** on due legal process," does not authorize the court to set off amounts "arising from deductions unlawful under ORS 652.610(3)."
We reject plaintiff's assertion that Kling stands for the broadly stated proposition that defendant cannot avoid "obligations and liabilities imposed by statute" by asserting equitable defenses and counterclaims to wage claims. In short, the holding in Kling is much narrower than that and, therefore, is inapposite to this case. In Kling , the plaintiff filed an action asserting that, in violation of ORS 652.140, the defendant had failed to pay him earned wages immediately upon his termination. 74 Or. App. at 401, 703 P.2d 1021. The defendant asserted the equitable defenses of waiver and estoppel, explaining that the parties had entered into an agreement whereby the defendant would pay the plaintiff on the next regular payday after his termination and provide the plaintiff with additional benefits "in lieu of notice of termination." Id. at 402, 703 P.2d 1021. On appeal, we addressed whether, because of the agreement between the plaintiff and the defendant, the plaintiff had waived his right to immediate payment of his unpaid wages or whether he should have been estopped from asserting his right to immediate payment upon termination. Id. at 403, 703 P.2d 1021.
We rejected the defendant's arguments, noting that ORS 652.360 explicitly provided that an employee "may not waive his rights under the wage-claim statutes pursuant to an express contract without prior approval" of the commissioner of the Bureau of Labor and Industries. Id . (emphasis in original). We concluded that, "[i]f an express but unapproved contract would not relieve defendant of its statutory duty then, a fortiori , defendant may not resort to the affirmative defense of waiver or estoppel to escape that duty." Id . Thus, Kling involved a situation where the plaintiff and the defendant had arguably entered into an agreement that would have excused the defendant from complying with certain statutory duties in the wage-claim statutes.
We later clarified that Kling does
"not stand for the proposition that affirmative defenses such as accord and satisfaction, waiver, and estoppel are *819 categorically barred by ORS 652.360 in an action for unpaid wages. Rather, the statute bars an employer's reliance on a substituted or otherwise renegotiated employment agreement only when enforcement of the agreement would have the effect of exempting an employer from a specific statutory provision regarding the payment of wages."
Erickson v. American Golf Corp. , 194 Or. App. 672, 685, 96 P.3d 843 (2004). Accordingly, the decision in Kling is limited to circumstances where the parties have entered into an agreement that specifically exempts the defendant from complying with the wage-claim statutes, and the BOLI commissioner has not approved the agreement. This case involves no such agreement, so ORS 652.360 is not implicated, and we do not see any other connection between this case and Kling that would support plaintiff's argument that the wage-claim statutes somehow bar equitable defenses and counterclaims in the circumstances presented here.
We also reject plaintiff's argument that ORS 652.610(5) does not allow the court to reduce plaintiff's minimum wage by the value of lodging and utilities. ORS 652.610(5) explicitly provides that the unlawful deduction statute does not "[d]iminish or enlarge the right of any person to assert and enforce *771 a lawful setoff or counterclaim ." (Emphasis added.) Plaintiff appears to argue that an "unlawful deduction" (i.e ., a deduction that occurs in violation of ORS 652.610 generally) necessarily means that any setoff or counterclaim asserted by the defendant is unlawful . That is not true, as this case demonstrates. The text of the statute indicates that the legislature recognized the existence of circumstances where a defendant violates the requirements of ORS 652.610, but the defendant may have a basis for asserting a setoff or counterclaims. In this case, plaintiff never objected that defendant's affirmative defense and counterclaims were not "lawful." It was only after the jury returned its verdict that plaintiff asserted that the setoff and counterclaims could not be used to reduce plaintiff's recovery on his claims. Accordingly, this appears to be a case where defendant asserted a "lawful setoff or counterclaim," and the right of defendant to do so was not "diminished or enlarged" by the unlawful deduction statute. *820 Our resolution of that issue also disposes of plaintiff's seventh assignment of error, asserting that the court erroneously awarded him $7,200 as a statutory penalty on his third claim for relief instead of $38,642 in "actual damages." He argues that, because defendant unlawfully deducted $38,642 from him, the trial court should have awarded that amount because it is greater than the $7,200 statutory penalty. Given the overall context of this case, plaintiff is arguing that he should have been awarded $38,642 under his first claim for relief for failure to pay a minimum wage, and an additional $38,642 under his third claim for relief because of the unlawful deduction, and that neither recovery could be reduced by the value of lodging and utilities provided by defendant.
Defendant counters that the court correctly awarded statutory penalties to plaintiff in the amount of $7,200 because plaintiff had no "actual damages" given that defendant proved its affirmative defense.
As we discussed in response to plaintiff's fourth assignment of error, the court was not precluded from reducing plaintiff's recovery by the value of lodging and utilities; accordingly, it was not error for the court to conclude that the statutory penalty of $7,200 was greater than plaintiff's "actual damages."
ATTORNEY FEES
We next consider the trial court's attorney fee award. We begin with the legal framework that controls in cases involving multiple claims for which an award of attorney fees is either authorized or required. ORS 20.077 provides:
"(1) In any action or suit in which one or more claims are asserted for which an award of attorney fees is either authorized or required, the prevailing party on each claim shall be determined as provided in this section. The provisions of this section apply to all proceedings in the action or suit, including arbitration, trial and appeal.
"(2) For the purposes of making an award of attorney fees on a claim, the prevailing party is the party who receives a favorable judgment or arbitration award on the claim. If more than one claim is made in an action or suit *821 for which an award of attorney fees is either authorized or required, the court or arbitrator shall:
"(a) Identify each party that prevails on a claim for which attorney fees could be awarded;
"(b) Decide whether to award attorney fees on claims for which the court or arbitrator is authorized to award attorney fees, and the amount of the award;
"(c) Decide the amount of the award of attorney fees on claims for which the court or arbitrator is required to award attorney fees; and
"(d) Enter a judgment that complies with the requirements of ORS 18.038 and 18.042."
As we have explained, the trial court's judgment concluded that defendant prevailed on plaintiff's first claim for relief and was entitled to a discretionary attorney fee award under ORS 653.055(4). The judgment indicated that plaintiff prevailed on his second claim for relief, but was not entitled to a mandatory fee award under ORS 652.200(2)"due to the failure of plaintiff to give reasonable pre-filing notice of claims to defendant." Finally, the trial court determined that plaintiff prevailed *772 on his third claim for relief, but was not entitled to attorney fees "per the court's discretion."
On appeal, plaintiff first asserts that the court used a "net judgment approach" to determine the prevailing party and attorney fee award as opposed to the claim-by-claim basis required by ORS 20.077. We reject that argument. The judgment indicates that the court concluded that defendant prevailed on plaintiff's first claim and that plaintiff prevailed on his second and third claims. The court awarded defendant attorney fees as the prevailing party on plaintiff's first claim and denied fees to plaintiff on his second and third claims for reasons that were unrelated to defendant obtaining a "net recovery." Accordingly, the judgment (1) designated a prevailing party on each of plaintiff's claims, which are the claims "for which an award of attorney fees is either authorized or required," and (2) decided whether to award attorney fees on those claims, and the amount of the award.
Next, plaintiff argues that the court erroneously first applied "setoff" amounts before determining who the *822 prevailing party was on plaintiff's first claim. In other words, plaintiff asserts that he prevailed on his minimum wage claim because defendant failed to pay him a minimum wage, and defendant's "setoff" and recovery on its counterclaims should not have affected that determination.
To address plaintiff's argument, we first must clarify the legal terms and concepts that are implicated in defendant's affirmative defense and the trial court's judgment. As noted, defendant asserted as an affirmative defense a "setoff" of plaintiff's recovery by the value of lodging and utilities, and $1,478 from the FED action. Notably, the legal term "setoff" is a "money demand by the defendant against the plaintiff arising upon contract and constituting a debt independent of and unconnected with the cause of action set forth in the complaint." Rogue River Management Co. v. Shaw , 243 Or. 54, 59, 411 P.2d 440 (1966) (internal quotation marks omitted; emphasis in original). Here, there is no dispute that the value of lodging and utilities sought by defendant arose out of the transaction upon which plaintiff's wage claims were brought-i.e. , the employment contract. Accordingly, the defense pleaded by defendant, at least as to the lodging and utilities, was not a "setoff." Rather, the defense was actually the related common law defense of "recoupment." Recoupment is similar to setoff, except that it is "confined to matters arising out of and connected with the transaction upon which the action is brought." Id . at 58-59, 411 P.2d 440 (emphasis added). Accordingly, for reasons that become apparent in the discussion that follows, we clarify that the relief sought and obtained by defendant in his affirmative defense was in substance a "recoupment."[10]
*823 Notably, both setoff and recoupment "may be used to offset a plaintiff's claim but not to recover affirmatively." Id. at 59, 411 P.2d 440. In other words, pursuant to either defense, "no affirmative judgment could be recovered by defendant against the plaintiff." Id. Instead, recoupment "abates" the plaintiff's claim, or put another way, "means the cutting back of the plaintiff's claim by the defendant." Id. at 58, 411 P.2d 440 (internal quotation marks omitted).
With that understanding, we turn back to plaintiff's argument that the trial court improperly designated defendant as the prevailing party on plaintiff's first claim because it applied the "setoff" before designating the prevailing party. Given that recoupment "cut[s] back" or "abates" plaintiff's *773 claim, we conclude that because the jury determined that the value of the lodging was at least equal to the minimum wage owed, the trial court correctly concluded that defendant's affirmative defense effectively "zeroed out" plaintiff's recovery on his first claim.[11] Thus, we reject plaintiff's assertion that the court incorrectly designated defendant the prevailing party on plaintiff's first claim.
Next, we address plaintiff's argument that the trial court improperly determined that he was not entitled to attorney fees under ORS 652.200(2) for prevailing on his second claim for relief because the notice he gave was "unreasonable." Plaintiff points out that it is undisputed that he sent notice to defendant 12 days before filing his claims and that the notice identified the wage claims that he eventually filed. In his view, the statute does not require that the notice given be "reasonable"; rather, the statute requires the court to assess whether a plaintiff's failure to give any notice at all was unreasonable.
*824 In response, defendant argues that the trial court correctly concluded that plaintiff's notice was unreasonable because it failed to give "any meaningful pre-filing notice of claims, or any reasonable opportunity to respond and potentially resolve the claims prior to filing."
Under ORS 652.200(2), "an award of attorney fees is mandatory when a plaintiff prevails on a wage claim unless (1) the employee willfully violated the employment contract or (2) the employee's attorney unreasonably failed to give notice of the wage claim to the employer." Johnson v. O'Malley Brothers Corp. , 285 Or. App. 804, 813, 397 P.3d 554 (2017). In Johnson , we explained that the failure to give written notice is immaterial unless that failure was also "unreasonable." Id. We have also held that, when a plaintiff provides written notice, the notice must provide notice of "the" particular wage claim he wishes to assert so as to provide an employer with the opportunity to resolve that wage claim before the plaintiff files suit. Belknap v. U.S. Bank National Association , 235 Or. App. 658, 671, 234 P.3d 1041 (2010) (examining written notice to determine if it gave the employer sufficient notice of "the wage claim" before filing the action). In sum, the statute provides for mandatory attorney fees unless the plaintiff failed to give notice of "the" claim, and that failure was unreasonable.
In this case, the trial court appears to have concluded that, even though plaintiff notified defendant of "the" wage claims that he ultimately brought, because that written notification was given 12 days before plaintiff brought the action, it was insufficient to satisfy the statute-i.e. , the notice given was essentially "no notice" and plaintiff's failure to give notice was unreasonable. Even if we assume without deciding that ORS 652.200(2) allows a court to determine that a notice given too close in time to the date the wage claims are filed is effectively "no notice," the trial court's conclusion that the notice given here was effectively "no notice" was error.
Here, because it is undisputed that, 12 days before plaintiff filed his wage claims, he sent notice to defendant that he intended to file wage claims for unpaid minimum *825 wages and failing to timely pay all wages at termination, we conclude that the record compels the determination that plaintiff gave notice to defendant under ORS 652.200(2). Accordingly, the trial court erred by concluding that plaintiff was not entitled to attorney fees on his second claim for relief, and we reverse the trial court's attorney fee determination on that claim.
Finally, as to his third claim for relief, plaintiff asserts that the record fails to *774 demonstrate that the trial court exercised its discretion to deny attorney fees to plaintiff. As noted, ORS 652.615 provides for a discretionary attorney fee award for successful unlawful deduction claims, and the court's judgment indicated that it denied fees on the third claim for relief "per the court's discretion." Plaintiff argues that that is an insufficient explanation because it does not include any findings and does not indicate that the court considered the factors in ORS 20.075(1) for discretionary attorney fee awards. We agree with plaintiff that, despite plaintiff's request for findings on its attorney fee request, the record does not demonstrate that the court considered the "relevant facts and legal criteria" underlying its denial of fees on plaintiff's third claim for relief. See McCarthy v. Oregon Freeze Dry, Inc. , 327 Or. 185, 190-91, 957 P.2d 1200 (1998) (explaining that, when requested by the parties, a decision to award or deny discretionary attorney fees "must describe the relevant facts and legal criteria for the court's decision to award or deny attorney fees in any terms that are sufficiently clear to permit meaningful appellate review"). As a result, we are unable to review whether the trial court properly exercised its discretion in denying attorney fees on plaintiff's third claim for relief.
To summarize our conclusions as to the court's attorney fee awards, the court erred by concluding that plaintiff was not entitled to attorney fees on his second claim for relief and failed to provide a sufficient explanation for its decision to deny plaintiff a discretionary attorney fee award on his third claim for relief. As a result, we reverse the trial court's attorney fee award and remand for the court to determine, under ORS 20.077, an appropriate attorney fee on plaintiff's second claim and for the court to exercise *826 its discretion to deny or award attorney fees to plaintiff on his third claim for relief.
Judgment reversed and remanded as to attorney fee award; otherwise affirmed.

ORS 653.025 generally provides that an employer must pay no less than a minimum wage "for each hour of work time that the employee is gainfully employed."

ORS 653.055(1) provides that an employer who pays an employee less than the wages the employee is entitled to is liable to the employee for the unpaid wages and civil penalties "provided in ORS 652.150."

ORS 653.055(4) provides that a court may award reasonable attorney fees "to the prevailing party in any action brought by an employee under this section."

ORS 652.200(2) provides:
"In any action for the collection of wages, if it is shown that the wages were not paid for a period of 48 hours, excluding Saturdays, Sundays and holidays, after the wages became due and payable, the court shall, upon entering judgment for the plaintiff, include in the judgment, in addition to the costs and disbursements otherwise prescribed by statute, a reasonable sum for attorney fees at trial and on appeal for prosecuting the action, unless it appears that the employee has willfully violated the contract of employment or unless the court finds that the plaintiff's attorney unreasonably failed to give written notice of the wage claim to the employer before filing the action."

ORS 652.150 establishes a "penalty wage" when an employer "willfully fails to pay any wages or compensation of any employee whose employment ceases."

In relevant part, ORS 652.610 places certain requirements on an employer who is deducting or withholding "for any purpose any sum of money from the wages" earned by an employee. For example, employers must provide an itemized statement of the amount and purposes of any deductions to the employee.

ORS 652.615 provides that "[t]here is hereby created a private cause of action for a violation of ORS 652.610(3) for actual damages or $200, whichever is greater. In any such action the court may award to the prevailing party, in addition to costs and disbursements, reasonable attorney fees."

ORS 653.055(4) provides for a discretionary attorney fee award to the prevailing party in an action brought under ORS 653.055.

Plaintiff does not argue that the court erred in concluding that defendant proved its affirmative defense and equitable counterclaims. Rather, plaintiff's main complaint appears to be the effect of the defense and counterclaims on his recovery.

Although defendant incorrectly pleaded its affirmative defense as setoff, that error or defect did not affect the substantial rights of the parties. See ORCP 12 B ("The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party."); see also Key West Retaining Systems, Inc. v. Holm II, Inc. , 185 Or. App. 182, 190-91, 59 P.3d 1280 (2002) (treating affirmative defense pled as setoff as recoupment given the relief sought). Here, the record reflects that, from the outset of the case through trial, plaintiff understood that defendant was seeking to reduce any minimum wage due by the value of lodging and utilities. In fact, plaintiff's trial memorandum states that if the jury determined that the lodging was provided for the "private benefit" of plaintiff under ORS 653.035, "the court will reduce the minimum wages by the amount the jury determines the lodging was worth."

Presumably, the trial court concluded that defendant was entitled to offset plaintiff's minimum wage claim via recoupment, but also determined that defendant was entitled to affirmative relief in the form of the amount that lodging and utilities exceeded the minimum wage due pursuant to defendant's unjust enrichment and quantum meruit counterclaims. We note that a counterclaim differs in scope from setoff and recoupment in that only a counterclaim permits "affirmative relief." Rogue River Management , 243 Or. at 60, 411 P.2d 440. That is so because a cognizable counterclaim must plead facts giving the defendant an independent cause of action against the plaintiff. Id . Here, plaintiff does not argue that there is any legal basis that would prohibit the trial court from granting relief under both an affirmative defense and a counterclaim that are based on the same or substantially similar facts and legal theory.